IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HELLY HANSEN AS, a Norway limited company,<br><br>                Plaintiff,<br>   v.<br><br>OFF-WHITE LLC, an Illinois limited liability company,<br><br>                Defendant. | Case No. 1:18-cv-04755<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Helly Hansen AS, for its complaint against Defendant, Off-White LLC, states as follows:

## PARTIES

1. Plaintiff Helly Hansen AS ("Helly Hansen") is a limited company organized under the laws of Norway, with a principal place of business at Munkedamsveien 35, N-0250, Oslo, Norway.

2. Helly Hansen is informed and believes, and based thereon alleges, that Defendant Off-White LLC ("Defendant") is a limited liability company organized and existing under the laws of the State of Illinois, with a principal office located at 1722 North Burling Street, Chicago, Illinois 60614.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under 15 U.S.C. §§ 1119 and 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. This action is filed under the United States Trademark Act of July 5, 1946, as amended, 15 U.S.C. § 1501, *et. seq.* (the "Lanham Act").

4. The Court has personal jurisdiction over Defendant in that Defendant is a resident of the Northern District of Illinois.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this is a judicial district in which the sole defendant resides.

## COMMON ALLEGATIONS

### Helly Hansen's Brand and Incontestable Trademark

6. Since its founding in 1877, Helly Hansen has been a well-known worldwide producer of textiles and sportswear based in Norway. Helly Hansen's U.S. operations are run by its wholly owned subsidiary, Helly Hansen (U.S.) Inc., a Washington corporation with headquarters in Auburn, Washington.

7. For at least the past 40 years, Helly Hansen has continuously used its distinctive stripe logo ("HH Stripe Logo") in interstate commerce in the United States in connection with apparel and other goods/services. Helly Hansen has become well known throughout the United States and elsewhere as a source of high quality apparel, including the HH Stripe Logo apparel. HH Stripe Logo products are distributed and sold to consumers through Helly Hansen U.S. retail stores, as well as through other third-party retailers, throughout the United States and on the internet, including through the website https://www.hellyhansen.com/.

8. Since the early 1970s, Helly Hansen has sponsored athletic teams who wore apparel with the HH Stripe Logo in internationally promoted athletic events. In fact, as early as the 1970s, Helly Hansen sponsored members of the Norwegian Premier Soccer League, who wore uniforms bearing the HH Stripe Logo. More recently, Helly Hansen sponsored the Finnish, Swedish and Canadian alpine ski teams at the 2018 PyeongChang Winter Olympics. Each team wore ski suits featuring the HH Stripe Logo.

9. Helly Hansen owns U.S. Trademark Registration No. 1,454,335 for the HH Stripe Logo ("the '335 Registration" or "the HH Stripe Registration") in International Class 25 for various forms of apparel. A true and correct copy of the '335 Registration is attached hereto as Exhibit A, and the supporting specimen of use is depicted below:

COMPLAINT - 2



10. The '335 Registration is valid, subsisting and in full force and effect, and serves as prima facie evidence of Helly Hansen's ownership of the mark and its exclusive right to use the mark. Moreover, this registration is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and conclusive evidence of Helly Hansen's exclusive right to use the mark in commerce pursuant to Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

11. By virtue of Helly Hansen's widespread and continuous use of the HH Stripe Logo, extensive and continuous media coverage, the high degree of consumer recognition of the Helly Hansen marks, Helly Hansen's enormous and loyal customer base, and other factors, Helly Hansen has established extensive common law rights in the HH Stripe Logo.

12. Helly Hansen, through its extensive use and promotion of the goods provided under the HH Stripe Logo, has developed valuable goodwill in its HH Stripe Logo such that the HH Stripe Logo is well known to consumers.

**Defendant's Unlawful Activities**

13. Upon information and belief, Defendant is a clothing designer and manufacturer that began operations in approximately 2013. It operates a business and an online website accessible at https://www.off---white.com/en/US.

COMPLAINT - 3

14. Defendant manufactures, distributes, markets, advertises, offers to sell and sells apparel and other products online and through third-party retailers such as Barneys New York, Bergdorf Goodman and Collette, Nordstrom to consumers throughout the United States, including in the State of Illinois and this judicial district.

15. In conjunction with these activities, Defendant has adopted a logo that it uses in association with its apparel and other goods/services, and that is confusingly similar to Helly Hansen's HH Stripe Logo ("Infringing Mark") as further provided below:

| HH Stripe Logo | Defendant's Infringing Mark |
|---|---|
|  |  |
|  |  |
|  |  |

16. In addition to Defendant's infringing uses, Defendant also obtained two federal trademark registrations from the United States Patent and Trademark Office ("USPTO") for the Infringing Mark. On information and belief, Defendant obtained U.S. Reg. No. 5,307,806 on October 10, 2017, for, inter alia, "apparel" for the following mark:



("the '806 Registration"). Defendant's application for the '806 Registration claims a date of first use of February 17, 2014.

17. On information and belief, Defendant obtained U.S. Reg. No. 5,150,712 on February 28, 2017 for, inter alia, "apparel" for the following mark:



("the '712 Registration"). Defendant's application for the '712 Registration claims a date of first use of June 30, 2015. The '806 Registration and the '712 Registration are collectively referred to herein as the Infringing Registrations. True and correct copies of the Infringing Registrations are attached hereto as Exhibit B.

18. Defendant also filed several trademark applications with the USPTO for the Infringing Mark. On information and belief, Defendant filed an application on April 11, 2018, assigned U.S. Application Serial No. 87873032, for, inter alia, "apparel" for the following mark:



("the '032 Application"). Defendant claimed in its '032 Application, a date of first use of July 30, 2017.

19. On information and belief, Defendant filed an application on July 20, 2016, assigned U.S. Application Serial No. 87109971, for, inter alia, "retail store services featuring apparel" for the following mark:



("the '971 Application"). Defendant's '971 Application was filed under an Intent to Use basis. The '032 and the '971 Applications are referred to herein as "the Infringing Applications". True and correct copies of the Infringing Applications are attached hereto as Exhibit C.

20. Defendant's Infringing Mark is the subject of the Infringing Registrations and the Infringing Applications.

21. Defendant's Infringing Mark is confusingly similar to Helly Hansen's HH Stripe Logo. The goods/services offered under Defendant's Infringing Mark is the same and/or similar to the goods/services offered by Helly Hansen under its HH Stripe Logo.

22. Defendant's Infringing Mark also creates a false suggestion of an affiliation or connection between Defendant and Helly Hansen, where none exists.

23. On information and belief, Defendant adopted its Infringing Mark with the intention of causing confusion with, and trading on the goodwill of, Helly Hansen's HH Stripe Logo.

24. Helly Hansen began using its HH Stripe Logo at least as early as 1978 and filed an application resulting in a federal registration, well prior to Defendant's use of the Infringing Mark. The HH Stripe Logo also acquired wide international recognition in the general consuming public well prior to Defendant's use of the Infringing Mark.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement, 15 U.S.C. § 1114)

25. Helly Hansen incorporates by reference paragraphs 1 through 24, inclusive, as if fully set forth herein.

26. Helly Hansen owns all of the right, interest, and goodwill in Helly Hansen's registered and common law HH Stripe Logo.

27. Defendant's Infringing Mark is highly similar to the registered HH Stripe Logo in appearance, meaning and commercial impression.

28. Defendant's use of the HH Stripe Logo is without permission.

29. Defendant's apparel and other products/services are the same as and/or related to some of Helly Hansen's products and services.

30. Both Defendant and Helly Hansen offer their services through the same channel of trade, i.e., the internet and retail stores.

31. Helly Hansen is informed and believes, and based thereon alleges, that Defendant adopted the Infringing Mark with knowledge of, and the intent to call to mind and create a likelihood of confusion with regard to, and/or trade off the goodwill of Helly Hansen and its HH Stripe Registration. Defendant's use of the Infringing Mark results in a likelihood of consumer confusion.

32. Helly Hansen has no control over the nature and quality of the goods and/or services offered by Defendant under the Infringing Mark, and Helly Hansen's reputation and goodwill will be damaged and the value of Helly Hansen's registered and common law mark jeopardized by Defendant's continued use of the Infringing Mark. Because of the likelihood of confusion between the parties' marks, any defects, objections or faults found with Defendant's good/services marketed under the Infringing Mark would negatively reflect upon and injure the reputation that Helly Hansen has established over the past 120 years. As such, Defendant is liable to Helly Hansen for infringement of a registered mark under 15 U.S.C. § 1114.

33. Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Helly Hansen's mark, business, reputation and goodwill. Helly Hansen has no adequate remedy at law because monetary damages are inadequate to compensate Helly Hansen for injuries caused by Defendant.

34. As a result of Defendant's infringement of Helly Hansen's registered mark, Helly Hansen has incurred damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Federal False Designation of Origin under 15 U.S.C. § 1125(a)(1)(A))

35. Helly Hansen incorporates by reference paragraphs 1 through 34, as if fully set forth herein.

36. In connection with Defendant's services, Defendant has used in commerce and without Helly Hansen's authorization or consent, the Infringing Mark, which is highly similar to the registered and common law HH Stripe Logo.

37. Such acts are likely to cause confusion and deception among the purchasing public and/or are likely to lead the consuming public to believe that Helly Hansen has authorized, approved or somehow sponsored Defendant's use of the Infringing Mark in connection with Defendant's goods and/or services.

38. The aforesaid wrongful acts of Defendant constitute the use of a false designation of origin and false description of representation, all in violation of 15 U.S.C. § 1125(a).

39. Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Helly Hansen's mark, business, reputation and goodwill. Helly Hansen has no adequate remedy at law because monetary damages are inadequate to compensate Helly Hansen for the injuries caused by Defendant.

40. As a result of Defendant's acts as alleged above, Helly Hansen has incurred damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

41. Helly Hansen incorporates by reference paragraphs 1 through 40, inclusive, as if fully set forth herein.

42. Defendant's acts alleged herein and specifically, without limitation, Defendant's use of the Infringing Mark, infringe Helly Hansen's exclusive trademark rights in the HH Stripe Logo, in violation of the common law.

43. Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Helly Hansen's marks, business, reputation, and goodwill. Helly Hansen has no adequate remedy at law because monetary damages are inadequate to compensate Helly Hansen for the injuries caused by Defendant.

44. As a result of Defendant's acts as alleged above, Helly Hansen has incurred damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

45. Helly Hansen incorporates by reference paragraphs 1 through 44, inclusive, as if fully set forth herein.

46. Helly Hansen is informed and believes, and based thereon alleges, that Defendant has engaged in and continues to engage in unfair competition by using the Infringing Mark, with the intention of interfering with and trading on the business reputation and goodwill engendered by Helly Hansen through hard work and diligent effort.

47. Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Helly Hansen's marks, business, reputation, and goodwill. Helly Hansen has no adequate remedy at law because monetary damages are inadequate to compensate Helly Hansen for the injuries cause by Defendant.

48. As a result of Defendant's acts, as alleged above, Helly Hansen has incurred damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### (Violation of Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510, *et seq.*)

49. Helly Hansen incorporates by reference paragraphs 1 through 48, inclusive, as if fully set forth herein.

50. By the acts described herein, Defendant has knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510, *et seq.* by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products or services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendant or its products with Helly Hansen products; and using deceptive representations or designations of origin in connection with Defendant's products.

51. Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to the public, and Helly Hansen's marks, business, reputation and goodwill. Helly Hansen has no adequate remedy at law because monetary damages are inadequate to compensate Helly Hansen for the injuries caused by Defendant. Helly Hansen is entitled to injunctive relief and to an award of its costs and attorneys' fees under 815 ILCS § 510/3.

## PRAYER FOR RELIEF

WHEREFORE, Helly Hansen respectfully requests that the Court enter judgment against Defendant as follows:

1. That the Court issue preliminary and permanent injunctive relief enjoining Defendant and all others acting in concert with Defendant and having knowledge thereof, from using the Infringing Mark, and any similar mark or variant thereof, as a trade name, trademark, service mark, or for any other purpose;

2. That the Court order that Defendant file with the Court and serve on counsel for Helly Hansen, within ten (10) days after entry of the judgment herein, a written report under oath

setting forth in detail the manner in which they have complied with the injunction ordered by the Court;

3. That the Court find Defendant's acts complained of herein unlawful as constituting trademark infringement, false designation of origin, common law trademark infringement, common law unfair competition, and a violation of the Illinois Deceptive Trade Practices Act under the causes of action asserted in this Complaint;

4. That the Court require that Defendant deliver up for destruction all products, labels, signs, prints, advertisements, and other articles that infringe Helly Hansen's statutory and common law trademark rights, or are a result of any false designation of origin or unfair competition by Defendant.

5. That the Court order the cancellation of the Infringing Registrations from the Principal Register of the United States Patent and Trademark Office;

6. That the Court declare the Infringing Applications void ab initio;

7. That the Court order an accounting of profits, gains, and advantages derived from Defendant's wrongful acts;

8. That the Court award Helly Hansen all profits, gains, and advantages derived by Defendant for its unlawful acts, and that such profits be enhanced based on Defendant's willful infringement of the federally registered HH Stripe Logo;

9. That the Court award Helly Hansen all damages caused by Defendant's unlawful acts;

10. That the Court award Helly Hansen treble damages as provided by law;

11. That the Court award Helly Hansen its attorneys' fees and costs incurred herein, including prejudgment and post-judgment interest; and

12. That the Court grant Helly Hansen all other relief to which it is entitled and such other or additional relief as is just and proper.

## **DEMAND FOR JURY TRIAL**

Helly Hansen demands a trial by jury of all issues so triable.

Dated this 11th day of July 2018.   Respectfully submitted,

/s/ Christopher J. Fahy
Christopher J. Fahy (Bar No. 6286130)
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207
Phone: (312) 807-4324
Fax: (312) 827-8000
christopher.fahy@klgates.com

Pam K. Jacobson, (*pro hac vice* to be filed)
Christopher M. Wyant, (*pro hac vice* to be filed)
Aaron E. Millstein, (*pro hac vice* to be filed)
K&L GATES LLP
925 4th Ave. #2900
Seattle, WA 98104
Phone: (206) 370-8071
pam.jacobson@klgates.com
chris.wyant@klgates.com
aaron.millstein@klgates.com

*Attorneys for Plaintiff Helly Hansen AS*