**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| HELLY HANSEN AS,<br><br>          Plaintiff,<br><br>v.<br><br>OFF-WHITE LLC,<br><br>          Defendant. | Case No. 1:18-cv-04755<br><br>Honorable Thomas M. Durkin |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE ESI**
**PURSUANT TO THE COURT'S**
**MANDATORY INITIAL DISCOVERY PILOT PROJECT STANDING ORDER**

Plaintiff Helly Hansen AS ("Plaintiff" or "Helly Hansen"), by and through its attorneys, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 37, Local Rule 37.2, and this Court's Standing Order Regarding Mandatory Initial Discovery Pilot Project (the "Order"), for an order compelling Defendant Off-White LLC ("Defendant" or "Off-White") to produce all electronically stored information ("ESI") required by this Court's Order. See ECF No. 8. To date, Defendant has produced no ESI.

## I.    BACKGROUND

On July 12, 2018, this Court issued a Notice to the Parties indicating that they would be bound by the terms of the Court's Standing Order Regarding Mandatory Initial Discovery Pilot Project ("MIDPP"). See ECF No. 8. Moreover, the Parties have agreed to be bound by the terms of the Court's Order in a Joint Status Report filed on September 14, 2018. See ECF No. 44, at 3 ("The parties have read and discussed the provisions of the Court's Standing Order Regarding Mandatory Initial Discovery Pilot Project . . . The parties have agreed to be bound by the terms of the Order.").

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Section (C)(2)(c) of the Court's Order advises that: "Unless the Court orders otherwise, a party must produce the ESI identified under paragraph B.3 within 40 days after serving its initial response." Id. The Parties' initial responses in this matter were served on September 4, 2018. See ECF No. 41-42. As such, the deadline for the production of ESI in this case was October 15, 2018.

On October 12, 2018, Plaintiff Helly Hansen AS made a substantive production of ESI, including 3,589 documents and 10,303 pages of electronically stored information. See ECF No. 52.

On October 26, 2018, Plaintiff Helly Hansen AS made an equally substantive supplemental production of ESI, including 4,334 documents and 12,409 pages of electronically stored information. See ECF No. 55.

As indicated in the below charts summarizing Plaintiff's productions, Helly Hansen has fully committed to the discovery process in this case and, by any measure, has made a number of robust productions to Defendant.

|  | Plaintiff's Hard Copy Productions | | |
|---|---|---|---|
|  | Pages | Documents | Size |
| Initial Production | 5,115 | 45 | 2.33 GB |
| First Supplemental Production | 43 | 10 | 71 MB |
| Second Supplemental Production | 140 | 1 | 85 MB |
| Third Supplemental Production | 132 | 27 | 115 MB |
| **Total** | **5,430** | **83** | **2.547 GB** |

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

| | Plaintiff's ESI Productions | | |
|---|---|---|---|
| | Pages | Documents | Size |
| Initial Production | 10,303 | 3,589 | 2.55 GB |
| First Supplemental Production | 12,509 | 4,334 | 3.72 GB |
| **Total** | **22,812** | **7,923** | **6.27 GB** |

To date, however, Plaintiff has not received any production of ESI from Defendant Off-White LLC.

## II.     PLAINTIFF'S EFFORTS TO MEET AND CONFER REGARDING ESI

Plaintiff has, on multiple occasions, sought to meet and confer with Defendant regarding the production of ESI in this case, but has been met with resistance. For example, on September 5, 2018, Plaintiff proposed an exchange of ESI search terms, which was rejected by Defendant Off-White. See Declaration of Christopher Fahy ("Fahy Decl.") at ¶ 2, Ex. 1.

Similarly, on October 12, 2018, Plaintiff served Defendant with its initial production of ESI. In response, on the date of the Court's deadline to produce ESI, Defendant indicated, for the first time, that "any further production of emails, financials, marketing and promotional materials is overbroad and duly burdensome." Id. at ¶ 3, Ex. 2.

On October 16, 2018, Plaintiff advised Defendant of its discovery obligations in this case, and requested that Defendant make its required production of ESI. But Defendant, again, refused to do so. Id. at ¶ 4, Ex. 3.

On October 19, 2018, the Parties held a telephonic meet-and-confer to discuss Defendant's failure to make its required production of ESI. At that meet-and-confer, Plaintiff, again, requested that Defendant produce the ESI required by the Court's Order, and Defendant agreed to so on or before October 26, 2018. But, Defendant failed to make its required ESI production on that date. Id. at ¶ 5, Ex. 4.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Plaintiff now seeks the Court's assistance. As of the time this motion was filed, Plaintiff has not received any production of ESI from Defendant Off-White.

### III.    ARGUMENT & LEGAL AUTHORITY

As noted above, this Court's Standing Order Regarding Mandatory Initial Discovery Pilot Project at Section (C)(2)(c) provides that: "Unless the Court orders otherwise, a party must produce the ESI identified under paragraph B.3 within 40 days after serving its initial response." See Ord. at 6. It further provides, at Section (A)(9), that "Rule 37(c)(1) shall apply to mandatory discovery responses required by this Order." Id. at 4. Rule 37 provides that the Court, upon a party's failure to make a required disclosure may, in addition to other appropriate relief, issue an order sanctioning the non-disclosing party which may require the "payment of . . . reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37 (c)(1)(A)-(C).

Here, although there may be some legitimate dispute concerning what production of ESI is required under paragraph B.3 of the Court's standing order, no good-faith reading would permit Defendant to disclose no ESI, which is precisely what they have chosen to do. As such, Defendant is plainly in violation of the Court's Order and an order compelling the production of all relevant ESI required by the Court's Order is warranted. See, e.g., MB Financial, N.A. v. Clifford Bostrom, et al., No. 17-cv-7240, Dkt. 30 (N.D. Ill.) (granting motion to compel production of documents pursuant to the Court's Standing MIDPP Order upon Defendant's failure to make appropriate disclosures).

Defendant's assertions of undue burden and overbreadth are simply inapplicable in the context of mandatory initial disclosures. Moreover, they are disingenuous when considered alongside the fact that Defendant has refused to discuss the use of search terms that might limit its burden and did not raise those objections until after the Court's deadline to produce ESI had already passed. Defendant's pattern of uncooperative behavior and attempts to stall the discovery

PLAINTIFF'S MOTION TO COMPEL ESI PRODUCTION  - 4
1:18-CV-04755

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

process in this case also warrant further sanction to compensate Plaintiff Helly Hansen, at least, for the unnecessary delay and expense incurred in preparing and filing the present motion.

## IV.     CONCLUSION & REQUEST FOR RELIEF

It is beyond dispute that Defendant's failure to make a timely production of ESI in this case is in violation of this Court's Order. Plaintiff is entitled to relevant ESI in Defendant's possession, custody, and/or control. Defendant's failure to provide that information has unnecessarily delayed the Parties' settlement negotiations and the prosecution of Plaintiff's case. As such, Plaintiff respectfully requests that the Court issue an order compelling Defendant Off-White LLC to produce all electronically stored information required by this Court's Order, and requiring that it compensate Plaintiff for the fees and costs associated with the preparation and filing of this motion.

Respectfully submitted,
K&L GATES LLP

By: /s/ Pam K. Jacobson
Pam K. Jacobson, admitted *pro hac vice*
Christopher M. Wyant, admitted *pro hac vice*
Aaron Millstein, admitted *pro hac vice*
Michael W. Meredith, admitted *pro hac vice*
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Facsimile: (206) 623-7022
pam.jacobson@klgates.com
chris.wyant@klgates.com
aaron.millstein@klgates.com
michael.meredith@klgates.com

Christopher J. Fahy, ISBA # 6286130
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207
Telephone: (312) 807-4324
Facsimile: (312) 827-8000
christopher.fahy@klgates.com

*Attorneys for Plaintiff*
*Helly Hansen AS*

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 29, 2018, I electronically filed the foregoing with the Clerk of

the Court for the United States District Court for the Northern District of Illinois, Eastern

Division by using the CM/ECF system, which will serve a copy of the same on the counsel of

record.

      DATED this 29th day of October, 2018.

      <u>/s/ Pam K. Jacobson</u>
      Pam K. Jacobson

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022